FILED
2025 Sep-11 AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

BILLY WORTHINGTON,

Plaintiff,

v.

THE ASSURANCE GROUP, LLC; KORLEY MCGLAMORY; AGENT SERVICE CONNECTION, LLC; ALAN B. TOWN,

Defendants.

Case No. 7:25-cv-01554-ACA

## ANSWER TO COMPLAINT

Defendant Agent Service Connection ("ASC"), by and through counsel, answers the Complaint of Plaintiff Billy Worthington as follows:

### PARTIES

1. In response to the allegations contained in Paragraph 1 of the Complaint, and upon information and belief, ASC admits that Plaintiff resides in Bibb County, Alabama. Insofar as Paragraph 1 of the Complaint contains additional allegations, ASC denies those allegations and demands strict proof thereof.

2. In response to the allegations contained in Paragraph 2 of the Complaint, and upon information and belief, ASC admits that Brooks Moody is a

resident of Auburn, Alabama. ASC denies the remainder of the allegations contained in Paragraph 2 and demands strict proof thereof.

3. ASC lacks information sufficient to enable it to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. ASC denies the allegations contained in Paragraph 4 of the Complaint and demands strict proof thereof.

5. ASC lacks information sufficient to enable it to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. In response to the allegations contained in Paragraph 6 of the Complaint, ASC admits that Alan B. Town is a resident of the State Florida; and that Town founded ASC in 2000. ASC denies the remainder of the allegations contained in Paragraph 6 and demands strict proof thereof.

7. In response to the allegations contained in Paragraph 7 of the Complaint, ASC admits that it is a "foreign corporation." ASC denies the remainder of the allegations contained in Paragraph 7 and demands strict proof thereof.

8. Paragraph 8 of the Complaint is directed to fictitious defendants, not ASC; thus, no response is required. Insofar as Paragraph 8 may be interpreted to include allegations against ASC, ASC denies those allegations and demands strict proof thereof.

## JURISDICTION AND VENUE

9. In response to the allegations contained in Paragraph 9 of the Complaint, and upon information and belief, ASC admits that Plaintiff resides in Bibb County, Alabama, and that the relief sought by Plaintiff meets the jurisdictional minimums of the state court and this Court. ASC denies the remainder of the allegations contained in Paragraph 9 and demands strict proof thereof.

## FACTS

10. In response to the allegations contained in Paragraph 10 of the Complaint, ASC lacks information sufficient to enable it to admit or deny the allegations concerning the Worthingtons. ASC further states that the Alabama Department of Insurance website speaks for itself. ASC denies the remainder of the allegations contained in Paragraph 10 and demands strict proof thereof.

11. In response to the allegations contained in Paragraph 11 of the Complaint, ASC denies the statement about "public available promotional items produced by Town and Agent Service Connection," as phrased, and demands strict proof thereof. ASC lacks information sufficient to enable it to admit or deny the remainder of the allegations contained in Paragraph 11.

12. In response to the allegations contained in Paragraph 12 of the Complaint, ASC states that the referenced policies speak for themselves. ASC

denies the remainder of the allegations contained in Paragraph 12 and demands strict proof thereof.

13. ASC denies the allegations contained in Paragraph 13 of the Complaint and demands strict proof thereof.

14. In response to the allegations contained in Paragraph 14 of the Complaint, ASC states that the referenced documents speak for themselves. ASC denies the remainder of the allegations contained in Paragraph 14 and demands strict proof thereof.

15. ASC denies the allegations contained in Paragraph 15 and demands strict proof thereof.

16. In response to the allegations contained in Paragraph 16 of the Complaint, ASC states that Alabama Department of Insurance records speak for themselves. ASC denies the remainder of the allegations contained in Paragraph 16 and demands strict proof thereof.

17. ASC lacks information sufficient to enable it to admit or deny the allegations contained in Paragraph 17 of the Complaint.

**COUNT I – NEGLIGENCE AND WANTONNESS**

18. ASC repeats its responses to the allegations set forth above as if fully set forth herein.

19. ASC denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof.

ASC denies the allegations of the "WHEREFORE" clause immediately following Paragraph 19 of the Complaint and further denies that Plaintiff is entitled to any of the relief sought in the Complaint or any relief against it whatsoever.

**COUNT II – OUTRAGE**

20. ASC repeats its responses to the allegations set forth above as if fully set forth herein.

21. ASC denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

ASC denies the allegations of the "WHEREFORE" clause immediately following Paragraph 21 of the Complaint and further denies that Plaintiff is entitled to any of the relief sought in the Complaint or any relief against it whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Discovery and investigation may reveal that one or more of the following defenses is available to ASC in this case. ASC accordingly asserts these separate and additional defenses. Upon completion of discovery, if the facts warrant, ASC may withdraw any of these additional defenses as may be appropriate or seek leave to amend its Answer to add defenses as may be appropriate.

By setting forth these additional defenses, ASC does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject is necessarily relevant to Plaintiff's allegations. ASC further reserves the right to amend its Answer and Affirmative Defenses, and to assert additional defenses and other claims, as this matter proceeds.

As for its defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, ASC alleges as follows:

1. Plaintiff's Complaint fails to state a claim against ASC upon which relief can be granted, in whole or in part. ASC incorporates by reference the Motion to Dismiss that it filed while the case was pending in Alabama state court.

2. Plaintiff's claims against ASC are due to be dismissed for lack of personal jurisdiction. ASC incorporates by reference the Motion to Dismiss that it filed while the case was pending in Alabama state court.

3. Insofar as any allegations set forth in Plaintiff's Complaint remain unaddressed, ASC denies those allegations and demands strict proof thereof.

4. ASC contests the nature and amounts of Plaintiff's claimed damages. ASC is not indebted or liable to Plaintiff in any manner or amount whatsoever.

5. Plaintiff lacks standing or capacity to assert his claims, in whole or in part.

6. ASC pleads that all of its actions were undertaken in good faith, and that it had and has no intent to cause emotional distress to Plaintiff.

7. Plaintiff's claimed injuries and damages, if any, are the proximate result of the acts or omissions of others, for whom ASC owes no legal responsibility.

8. Plaintiff's claimed injuries and damages, if any, were solely, partially, or proximately caused, in whole or in part, by the intervening or superseding conduct of Plaintiff, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from ASC's conduct or control.

9. Plaintiff's claims are barred because ASC's conduct is not the producing cause, a proximate cause, a substantial factor, or a cause-in-fact of Plaintiff's alleged injuries.

10. Plaintiff's claims are barred because of his failure to join necessary and indispensable parties.

11. ASC denies that it was negligent, wanton, or otherwise acted wrongfully in connection with any of the alleged occurrences referenced in Plaintiff's Complaint.

12. Plaintiff's claims may be barred, in whole or in part, because Plaintiff's alleged injuries were caused, in whole or in part, by negligence, fault, or wrongful conduct of Plaintiff or third parties, and Plaintiff's claims are or may be subject to the doctrines of comparative fault, proportionate responsibility, and/or contributory negligence.

13. ASC affirmatively denies that it owed any duty to Plaintiff.

14. ASC affirmatively denies that it violated any duty owed to Plaintiff.

15. ASC has engaged in no outrageous conduct.

16. ASC affirmatively pleads and reserves its right to rely upon applicable statutes of limitation or repose.

17. To the extent that Plaintiff has received or may receive benefits from collateral sources, ASC is entitled to have the Court reduce the amount of any award to Plaintiff by the amount of payments made.

18. ASC raises the defenses of estoppel, assumption of the risk, contributory negligence, intervening/superseding cause, and waiver.

19. ASC denies Plaintiff's allegations that it acted in a manner that was willful, wanton, grossly negligent, intentional, or in reckless disregard of Plaintiff's rights, and hereby objects to the claims made against it for an award of exemplary or punitive damages and would show that any such award of exemplary or punitive damages would be a denial of its constitutional rights pursuant to the Alabama and U.S. Constitutions for reasons including, but not limited to, the following:

a. ASC would show that the standard for an award of punitive damages is unconstitutionally vague. It allows virtually standardless discretion to the jury to determine punishment. It further deprives defendants of adequate prior notice of the specific conduct for which they could be punished or the specific magnitude of the potential punishment.

b. ASC would show that any award of punitive or exemplary damages would violate its right to due process of law. Any award of punitive damages is clearly in the nature of a criminal penalty. However, unlike a standard for recognized criminal penalties, the current applicable standard for an award of punitive damages places little or no restrictions on a jury's discretion. ASC was given no advance notice that a particular course of conduct may subject it to punishment and was given no notice as to the particular amount or magnitude of punishment that may result.

c. The statutes, and the court decisions interpreting these statutes, fail to provide any constitutional standard or means of calculating the amount of punitive damages to be awarded.

d. To the extent the award of punitive damages is criminal or quasi-criminal in nature, it is not awarded by proof beyond a reasonable doubt, contrary to due process of law and excess fines and cruel and unusual punishments as required by the U.S. Constitution (U.S. Const. Amends. VIII & XIV).

e. ASC asserts all of its constitutional defenses to punitive damages under both the U.S. Constitution and any applicable State Constitution.

f. ASC asserts all of its statutory defenses to punitive damages.

20. ASC reserves the right to amend, or to seek leave to amend, its Answer and separate Affirmative Defenses as investigation and discovery in the case proceed or as may become available upon a determination of the law applicable to Plaintiff's claims or any part of his claims. Upon completion of discovery, ASC reserves the right to amend its Answer and Affirmative Defenses to assert additional claims or defenses as warranted by the applicable evidence.

## PRAYER FOR RELIEF

ASC prays for relief and judgment against Plaintiff as follows:

1. That Plaintiff take nothing by reason of the Complaint, and that the Court dismiss the Complaint with prejudice;

2. For a trial by jury on all issues so triable; and

3. For such other and further relief as the Court deems proper.

Respectfully submitted on this, the 10th day of September, 2025.

*/s/ Jonathan C. "Rudy" Hill*
Jonathan C. "Rudy" Hill (ASB-9459-A64H)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone: 334-956-7660
Facsimile: 334-956-7860
Email: rhill@bradley.com

Michael P. Lynn, P.C.
Texas Bar No. 12738500
Joshua D. Lang
Texas Bar No. 24109450
Andy Kim
Texas Bar No. 24136638
LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839
Email: mlynn@lynnllp.com
Email: jlang@lynnllp.com
Email: akim@lynnllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the federal CM/ECF system which will send notification to the following counsel of record:

Chris T. Hellums (HEL012)
Michael C. Bradley (BRA094)
Pittman, Dutton, Hellums, Bradley & Mann, P.C.
2001 Park Place North, Suite 1100
Birmingham, AL 35203
chrish@pittmandutton.com
mikeb@pittmandutton.com

Anthony Johnson (JOH111)
Johnson Law Firm, LLC
60 Court Square West
Centreville, AL 35042
abjlaw@gmail.com

*Attorneys for Plaintiff*

and I certify that a copy of the foregoing was served on the following parties by placing a copy of same in the United States first class mail, postage prepaid, addressed as follows:

Korley McGlamory
1740 Cannonville Road
La Grange, GA 30240

*s/Jonathan C. "Rudy" Hill*
OF COUNSEL