# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **BILLY WORTHINGTON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No. 7:25-cv-1554-ACA** |
| | ] | |
| **BROOKS MOODY, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Billy Worthington filed a complaint in state court against the individuals Brooks Moody, Korley McGlamory, and Alan B. Town; the companies Claxton & Moody, LLC, Agent Service Connection, and the Assurance Group; and several fictitious defendants. (Doc. 1-1 at 87). He asserts state law claims for negligence, wantonness, and outrage arising from the sale of and failure to pay benefits on his late wife's life insurance policy. (*Id*. at 5–7). Agent Service Connection, Assurance Group, and Mr. Town ("Removing Defendants") removed the case to this court. (Doc. 1).

Mr. Worthington moved to remand. (Doc. 11). As relevant here, he asserted that Removing Defendants failed to join Mr. McGlamory in the removal notice as is required by statute. (Doc. 12 at 8–17); 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of

the action."). The court denied this motion because Mr. Worthington did not properly serve Mr. McGlamory, and therefore Removing Defendants did not need to join him in the notice of removal. (Doc. 23 at 4).

Mr. Worthington seeks reconsideration of the court's order under Federal Rule of Civil Procedure 54(b). (Doc. 25). The court **DENIES** the motion.

The court has "plenary authority to reconsider, revise, alter or amend a non-final order before the entry of final judgment." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024) (quotation marks omitted). The decision to reconsider an order must balance the weight of the moving party's arguments against the disruption that reversing an order would cause based on the length of time that has passed since the decision was initially made. *Id.* at 1381. "[I]n most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Id.* at 1380.

For the most part, Mr. Worthington makes the same arguments that the court has already rejected. (*Compare* doc. 25 at 2, 6–10 *with* doc. 12 at 8–17). The court will not revisit these issues. *Hornady*, 118 F.4th at 1381 ("[A] district court typically would not abuse its discretion when rejecting a motion to reconsider an interlocutory order if the movant simply rehashed arguments already considered and rejected.")

The court previously held that Mr. Worthington did not properly serve Mr. McGlamory by certified mail. (Doc. 23 at 4). Alabama Rule of Civil Procedure 4(i)(2)(C) provides that when service is by certified mail, either the addressee or an agent "specifically authorized . . . to receive the addressee's mail" must sign the return receipt. "Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did not actually receive the summons and complaint in time to avoid a default." Ala. R. Civ. P. 4(i)(2)(C). The court's prior order explained that, although Mr. McGlamory's mother, Ms. Pagan, signed the return receipt, the box marked "agent" on the return receipt was left blank. (Doc. 23 at 4; doc. 1-1 at 57); *see Duncan v. S.N.*, 907 So. 2d 428, 432 (Ala. 2005) (determining that no evidence established that the person who signed the return receipt was specifically authorized to receive the defendant's mail because the box marked "agent" on the return receipt was blank). Ms. Pagan's authority to act as agent was not established because Mr. McGlamory never acknowledged receipt and there is no evidence he received the summons and complaint in time to avoid default. Ala. R. Civ. P. 4(i)(2)(C); (*see* doc. 1-1 at 197).

Mr. Worthington presents a new piece of evidence that he asserts proves that Ms. Pagan was Mr. McGlamory's agent: a return receipt from a different lawsuit involving the same parties in which Ms. Pagan checked the "agent" box. (Doc. 25 at

3

6; *see* doc. 25-1). But this new receipt does not prove that Ms. Pagan was Mr. McGlamory's agent in *this* case. At most, it proves that Ms. Pagan had authority to receive notice in another case in which service occurred six months after service in the present case. (*Compare* doc. 25-1 *with* doc. 1-1 at 57). In other words, the tangential return receipt cannot overcome the evidence that Ms. Pagan did not identify herself as Mr. McGlamory's agent in this case, and Mr. McGlamory's default and continued failure to appear are more than enough for this court to conclude that service was not proper.

Accordingly, the court **DENIES** Mr. Worthington's motion for reconsideration.

**DONE** and **ORDERED** this April 14, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

4